IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MEL JOHNSON,

        Plaintiff,

v().                                           Case No. 05-4036-JAR

UNITED STATES OF AMERICA,
DEPARTMENT OF VETERAN'S
AFFAIRS,
        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO ADD ADDITIONAL PARTY

This matter comes before the Court upon the motion of Plaintiff Mel Johnson to Add Additional Parties (Doc. 12). Specifically, Plaintiff seeks to add Dr. Eyad Al-Hihi to this action and to assert a state law claim of medical negligence against him. Defendant United States of America, Department of Veteran's Affairs has filed a response to Plaintiff's Motion (Doc. 13). However, Plaintiff did not file a Reply and the time for doing so has expired. Therefore, the Court deems this matter ripe for disposition.

**I.       Relevant Factual Background**

Plaintiff commenced this action in the United States District Court for the District of Kansas on March 31, 2005. In his complaint, Plaintiff alleges a cause of action under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680 (hereinafter "FTCA"). Specifically, Plaintiff alleges that on August 10, 2002, at approximately 8:29 a.m., Plaintiff presented to the Topeka VA Hospital with complaints of leg weakness that was increasing, causing an inability to walk. The Plaintiff alleges that he

was assessed by VA staff, including nurses and a doctor (Dr. Al-Hihi), and that Plaintiff was discharged by the VA staff at approximately 9:15 a.m. Plaintiff alleges that the agents and employees of the VA departed from the standard of care in their treatment of the Plaintiff in that they failed to recognize an impending and ongoing stroke.

On August 3, 2004, Plaintiff filed a personal injury/negligence action against Dr. Al-Hihi in Shawnee County District Court. On March 31, 2005, Plaintiff filed his Federal Tort Claims Act claim against Defendant United States of America Department of Veteran's Affairs in United States District Court for the District of Kansas. Upon consulting with counsel for Dr. Al-Hihi, Plaintiff ultimately dismissed the state law negligence action against Dr. Al-Hihi in Shawnee County District Court on August 4, 2005. After a brief misunderstanding regarding proper procedures for filing such a motion, Plaintiff filed the instant Motion to Add Additional Parties (Doc. 12) in United States District Court for the District of Kansas on November 9, 2005. Specifically, pursuant to 28 U.S.C. §1367, Plaintiff seeks to add Dr. Al-Hihi as a party and to assert the state law medical negligence claim against him.

**II.     Parties Contentions**

Plaintiff seeks to add Dr. Al-Hihi to this action pursuant to 28 U.S.C. §1367, contending that Dr. Al-Hihi departed from the standard of care in his treatment of Plaintiff which was provided at the VA Hospital of the FTCA Defendant.[1] If the Court refuses to add Dr. Al-Hihi to this action, Plaintiff asserts, "the parties will be forced to go through two trials, of which they will both be material

---

[1] Plaintiff's Motion to Add Additional Parties (Doc. 12) at 3, and proposed Amended Complaint at 3.

witnesses[.]"[2] Plaintiff also argues that failing to join Dr. Al-Hihi in this action could lead to double recoveries.

Defendant United States of America, Department of Veteran's Affairs, objects to Plaintiff's motion on principally three grounds. Initially, Defendant argues that the Court should not exercise supplemental jurisdiction over Plaintiff's claim against Dr. Al-Hihi because Plaintiff's state law negligence action against Dr. Al-Hihi and Plaintiff's FTCA claim against Defendant do not form part of the same "case or controversy" as required by 28 U.S.C. §1367(a).

Second, Defendant contends Dr. Al-Hihi should not be added to this action because he is not an indispensable party to the FTCA claim as required by Fed. R. Civ. P 19. Defendant asserts joinder of Dr. Al-Hihi as a party is not required because the FTCA claim against Defendant may be adjudicated without the presence of Dr. Al-Hihi. The Federal Tort Claims Act claim is based on alleged negligence of Defendant's employees and Dr. Al-Hihi was not an employee of Defendant – he was an independent contractor.[3] Because Dr. Al-Hihi was an independent contractor and not an employee of Defendant, Defendant argues that there can be no inconsistent verdicts because each claim is for "discrete acts of negligence" and therefore Dr. Al-Hihi should not be joined as a party to this action[4]

Finally, Defendant contends that Dr. Al-Hihi should not be joined to this action because

---

[2]*Id.*

[3]Defendant United States of America, Department of Veteran's Affairs's Response to Plaintiff's Motion to Add Additional Parties (Doc. 13) at 2.

[4]*Id.* at 2-3.

Plaintiff's state law negligence claim against Dr. Al-Hihi is barred by the state statute of limitations applicable to medical negligence cases. Defendant argues Plaintiff's cause of action against Dr. Al-Hihi accrued no later than August 10, 2002. Therefore, the two-year statute of limitations applicable to state medical negligence actions ran on August 10, 2004. Because Plaintiff filed his Motion to Add Additional Parties on November 9, 2005, Defendant contends that the statute of limitations has run and, therefore, Plaintiff's Motion is futile and should be denied.[5]

### III. Discussion

Because Plaintiff seeks to join an additional party *and* assert an additional claim for medical negligence, the Court must analyze Plaintiff's motion under supplemental jurisdiction pursuant to 28 U.S.C. §1367, the Rules for Joinder of Parties, and the Rules for Amendment of Pleadings, respectively.

#### A. Whether supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

Plaintiff seeks to add Dr. Al-Hihi as a party-defendant to assert a state law claim of medical negligence. Plaintiff candidly admits there is not complete diversity of the parties to permit jurisdiction based upon 28 U.S.C. §1332.[6] And, the proposed amendment does not assert a claim against Dr. Al-Hihi based upon federal law so as to confer jurisdiction based upon a federal question pursuant to 28 U.S.C. §1331. Instead, Plaintiff asserts supplemental jurisdiction exists based upon 28 U.S.C. §1367(a) which provides:

---

[5]*Id.* at 4-5 (citing K.S.A. § 60-513(a)(7) as the applicable statute of limitations).

[6]Plaintiff's Motion to Add Additional Parties (Doc. 12) at 3.

4

> "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

Defendant contends that supplemental jurisdiction does not exist because the state and federal claims do not form part of the same "case or controversy" as required by 28 U.S.C. §1367(a). The Court disagrees. The proposed Amended Complaint alleged that the injury sustained by the Plaintiff was as a result of the failure of "the VA staff, including the nurses and Dr. Al-Hihi to ... appropriately assess Plaintiff for an impending/ongoing stroke" between the time of his arrival at the VA Hospital on August 10, 2002 at 8:29 a.m. and his discharge some 46 minutes later at 9:15 a.m.[7] Two days later, "[a]gents and employees of the VA were contacted...about continuing and progressing problems of [Plaintiff] regarding weakness...[but] failed to arrange for an assessment."[8]

While Plaintiff's Amended Complaint does not identify by name who was contacted, the Court concludes that the state law claim against Dr. Al-Hihi and the FTCA claim against the current Defendant form part of the same case or controversy. Even before the current provisions of 28 U.S.C. §1367(a) were codified, the U.S. Supreme Court[9] addressed the circumstances under which the state and federal claims formed part of the same case or controversy. The Court found that where:

---

[7]*See* Plaintiff's proposed Amended Complaint at 3, attached to Plaintiff's Motion to Add Additional Parties (Doc. 12).

[8]*Id.* at 3-4.

[9]*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

5

> "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in the federal courts to hear the whole."[10]

In other words, do the state and federal claims "derive from a common nucleus of operative fact?"[11]  The Court finds that they do.  The alleged acts of Defendant and Dr. Al-Hihi in failing to assess and render proper treatment to the Plaintiff are factually intertwined.  Plaintiff alleges their conduct contributed to Plaintiff's injury.

The case before the Court is one in which the Plaintiff could not bring all parties involved into a single, state court action because federal courts have exclusive jurisdiction over claims under the FTCA.[12]  Otherwise, the claims are of such a nature that the Plaintiff would be expected ordinarily to prosecute them in one judicial proceeding.

Federal courts have exercised supplemental jurisdiction over state law claims in a variety of circumstances.[13]  Plaintiff's claims arise from a common nucleus of operative facts and, as a result, supplemental jurisdiction over the state law medical negligence claim against Dr. Al-Hihi exists.

### B. Whether joinder of Dr. Al-Hihi as a party to this action is proper.

The Court finds that joining Dr. Al-Hihi to this action is proper.  While Defendant objects to

---

[10]*Id.*

[11]*Id.*

[12]28 U.S.C. §1346(b).

[13] *See Yeager v. Norwest Multifamily*, *Inc., et al.,* 865 F. Supp. 768 (M.D. Ala. 1994)(state law battery claim against supervisor joined with federal Title VII action against employer); *See also Millan v. Hosp. San Pablo*, 389 F. Supp. 2d 224 (D.P.R. 2005)(state law medical malpractice claims against doctors joined with federal EMTALA action against hospitals).

joinder on the basis of Fed. R. Civ. P. 19, the Court finds the more appropriate analysis for joinder in this instance is under Fed. R. Civ. P. 20, which governs permissive joinder of parties to an action. Specifically, Fed. R. Civ. P. 20(a) states:

> All persons may join in one action...as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action.

Rule 20 sets out a two-part test for joinder: (1) Whether the claims against defendants arise out of the same transaction or occurrence; and (2) Whether there are common questions of law or fact to all defendants. The Court finds that the Federal Tort Claims Act claim against Defendant and Plaintiff's proposed medical negligence action against Dr. Al-Hihi clearly arise out of the same transaction or occurrence – namely, Plaintiff's visit to the Topeka VA Hospital on August 10, 2002 between 8:29 a.m. and 9:15 a.m. The two claims are proximate in both time and location in this case. Even though Plaintiff seeks to bring distinct claims against Defendant and Dr. Al-Hihi (i.e. a claim under the Federal Tort Claims Act against Defendant and a state law claim for medical malpractice against Dr. Al-Hihi), it appears undisputed that both claims center on Plaintiff's August 10, 2002 visit to the Topeka VA Hospital and that both Dr. Al-Hihi and Defendant's employees were present and involved in the treatment of the Plaintiff at that time. Therefore, the Court finds that the first prong of the Rule 20 test is met.

Second, the Court finds that there will likely be common questions of law or fact as to the Defendant and Dr. Al-Hihi. As already discussed, Dr. Al-Hihi and Defendant's employees were all involved in the treatment of Plaintiff on August 10, 2002. The Plaintiff arrived at the VA at

approximately 8:29 a.m. and left at approximately 9:15 a.m., for a total time of 46 minutes spent at the hospital.  Given the closeness in time and proximity of all parties on August 10, 2002, the Court finds that there will likely be common questions of fact as to both defendants, such that the second prong of Rule 20 is met.  Therefore, the Court finds that Dr. Al-Hihi may be properly joined as a defendant under Rule 20.

Having found that joinder of Dr. Al-Hihi as a party to this action is appropriate under Rule 20, the Court will next address the appropriateness of amending Plaintiff's complaint at this juncture.

### C.  Whether amendment of pleadings is proper.

The procedure for amending pleadings is controlled by Fed. R. Civ. P. 15, which states in pertinent part that

> "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[14]

Plaintiff seeks to amend his complaint after the permissive period, and Defendant has filed a response in opposition to Plaintiff's motion (Doc. 72).  Thus, consent is not an issue.  It therefore falls to the Court to determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[15]   Refusing leave to amend is generally only justified upon a showing of undue delay, undue

---

[14] Fed. R. Civ. P. 15(a).

[15] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

prejudice to the opposing party, bad faith, or futility of amendment.[16]  Additionally, untimeliness may be sufficient cause to deny leave to amend, especially when the movant offers no adequate explanation for the delay.

According to the Scheduling Order entered in this case (Doc. 8), all motions to amend or join additional parties were to be filed on or before October 14, 2005.  Plaintiff filed the instant motion on November 9, 2005, after the deadline for doing so had expired.  In his motion, Plaintiff explains that a misunderstanding with the Court accounted for his filing his motion for leave out of time.  Plaintiff explains that his counsel was under the mistaken impression that the Court had "already approved" his motion at the time of the Scheduling Conference with the Court on September 16, 2005. Additionally, Plaintiff states that his counsel has been in correspondence with Ms. Debra Vermillion, Dr. Al-Hihi's counsel, to arrange for service of process.  Upon careful review of the Plaintiff's motion, the Court finds that Plaintiff has adequately explained his delay in filing his motion.  The Court will next consider whether permitting amendment at this time would result in any undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[17]

Defendant United States of America, Department of Veteran's Affairs contends that permitting amendment would be futile in this case because the statute of limitations has run on Plaintiff's proposed medical negligence claim against Dr. Al-Hihi.  The Court disagrees.  As an initial matter, the Court finds that this type of objection is one that ought to be raised by Dr. Al-Hihi's counsel rather than by Defendant's counsel, who is not representing Dr. Al-Hihi in this case.  Nevertheless, for the purposes

---

[16] *Id.*

[17] *Id.*

9

of the instant motion, and in the interests of judicial efficiency, the Court shall address Defendant's futility objection. Upon review of the circumstances, the Court finds that Plaintiff's proposed medical negligence claim against Dr. Al-Hihi does not appear futile. While the Court agrees that the applicable two-year statute of limitations for the medical negligence claim would have run on August 10, 2004, Plaintiff filed his original action against Dr. Al-Hihi in Shawnee County district court on August 3, 2004 – one week before the statute of limitations would have run. Because Plaintiff subsequently voluntarily dismissed his state action against Dr. Al-Hihi and then re-filed his claim in federal court roughly 3 months later, it appears that K.S.A. § 60-518, the savings statute, would apply to toll the statute of limitations on Plaintiff's state law claim against Dr. Al-Hihi.

The Kansas savings statute provides that "if any action be commenced within due time, and the plaintiff shall fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff...may commence a new action within six (6) months after such failure."[18] In *Prince v. Leesona Corp.,* for example, the U.S. Court of Appeals for the Tenth Circuit upheld application of the Kansas savings statute to an action in Kansas federal court that was originally filed within the limitations period in the state courts of Missouri. In *Prince,* the Plaintiff's case in Missouri was dismissed after the limitations period had run, then re-filed in Kansas federal court. Plaintiff invoked the savings statute to toll the statute of limitations in her case. The Tenth Circuit upheld this application of the savings statute, reasoning that virtually every state has a savings statute and that the Defendant was put on notice of the action in a timely manner and there was "no more delay involved

---

[18]*See, e.g., Prince v. Leesona Corp.*, 720 F.2d 1166, 1168 (10th Cir. 1983)(quoting the Kansas savings statute, K.S.A. § 60-518).

than if the action had been filed in the forum state and dismissed there for procedural reasons."[19]

The Court finds that this case appears analogous to *Prince*. Plaintiff voluntarily dismissed his action in Shawnee County District Court on August 4, 2005[20], and filed his motion to amend in this court on November 9, 2005 – roughly three months later. While Plaintiff's action was not filed in a different state, it was filed in a different court – Shawnee County District Court – and then dismissed and re-filed in the United States District Court for the District of Kansas. The Court finds that if the Kansas savings statute applies to a plaintiff who filed his claim in an Missouri court and then re-files in a Kansas court after the limitations period, then the Kansas savings statute should also apply to a plaintiff who, as in this case, filed in Kansas state court, dismissed the case after the limitations period had run, and then re-filed in Kansas federal court. Further, the Court finds that Dr. Al-Hihi was put on notice of the claim in a timely manner through the Plaintiff's timely filing of his claim in Shawnee County District Court on August 3, 2004. Moreover, Dr. Al-Hihi and his counsel currently appear to be willing to accept service of process of this new action in federal court.[21]   Therefore, the Court finds that Plaintiff's proposed medical negligence claim against Dr. Al-Hihi does not appear futile or otherwise improper under these circumstances. This ruling, however, is not intended to preclude Dr. Al-Hihi from asserting an affirmative defense based upon the appropriate Kansas statute of limitations. Without more, the Court is constrained to find that the claim plaintiff seeks to assert against Dr. Al-Hihi in this

---

[19]*Prince*, 720 F.2d at 1169.

[20]*See* Order of Dismissal Without Prejudice (attached as "Exhibit C" to Doc. 12).

[21]*See* Debra A. Vermillion's Letter to Ron Pope, dated October 28, 2005, attached as an Exhibit to Plaintiff's Motion to Add Additional Parties (Doc. 12).

action does not appear to be futile.

As a result of these findings, the Court will grant Plaintiff's motion and deem Plaintiff's proposed Amended Complaint, attached as an Exhibit to Doc. 12, as filed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Add Additional Parties (Doc. 12) is hereby granted.  <u>Plaintiff is directed to file and serve his Amended Complaint upon all parties by no later than **December 30, 2005.**</u>

**IT IS SO ORDERED.**

Dated this 19th day of December, 2005, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>

K. Gary Sebelius
U.S. Magistrate Judge